IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WINGET.** | |
| Plaintiff, | **Civil No.: 25-CV-1220** |
| v. | |
| **FUSHEN, et al.** | |
| Defendants. | |

**MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION**

Defendant, qetrabone, ("Defendant"), by and through its undersigned counsel, hereby

requests that this Court dismiss the case for lack of personal jurisdiction and states as follows:

**I. NO PERSONAL JURISDICTION ESTABLISHED.**

**A. Plaintiff Failed to Establish General and Specific Jurisdiction on Defendants.**

Defendant did not make any sales of the alleged infringing products to the

Commonwealth of Pennsylvania. Defendant will submit a declaration to support this Motion.

In *Gammino v. SBC Communications, Inc.*, No. 03-CV-6686, at *5 (E.D. Pa. Mar. 29,

2005), the court said:

Toys "R" Us, Inc. et al. v. Step Two, S.A., et al.,318 F.3d 446, 454 (3d. Cir. 2003), sets
forth the Third Circuit's standard for determining when and whether internet contacts

Page 1 of 4

confer jurisdiction. ". . . [T]he mere operation of a commercially interactive website should not subject the operator to jurisdiction anywhere in the world. Rather there must be evidence that the defendant `purposefully availed itself of conducting activity in the forum state by directly targeting its web- site to the state, knowingly interacting with residents of the forum state via its web site or through sufficient other related contacts'." Id.

*Gammino v. SBC Communications, Inc.*, No. 03-CV-6686, at *5 (E.D. Pa. Mar. 29, 2005).

In *Kimball v. Countrywide Merchant Servs*, Civil Action No. 04-3466, at *5-7 (E.D. Pa. Feb. 8, 2005), the court held:

> To prove general personal jurisdiction, the plaintiff must demonstrate that "the defendant's contacts with the forum, whether or not related to the litigation, are 'continuous and systematic.'" Id. (quoting Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 416 (1984)). To prove specific personal jurisdiction, the plaintiff must satisfy a two-part test. See IMO Indus. v. Kiekert AG,155 F.3d 254, 259 (3d Cir. 1998). One, "the plaintiff must show that the defendant has constitutionally sufficient 'minimum contacts' with the forum."Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985)). Id. (quoting Burger King, 471 U.S. at 472). To this end, the plaintiff must show that the defendant has "purposefully directed his activities at residents of the forum and [that] the litigation results from alleged injuries that arise out of or relate to those activities."Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d. Cir. 2004) (quoting Burger King, 471 U.S. at 472).

*Kimball v. Countrywide Merchant Servs*, Civil Action No. 04-3466, at *5-7 (E.D. Pa. Feb. 8, 2005).

Here, Defendant is an e-commerce website and thus no principal business location or offices have been established in this jurisdiction for general jurisdiction purpose.

Defendant did not make any sales of allegedly infringing products to the residents in jurisdiction of this Court, and/or no injuries arose out of any such minimum contacts. No specific jurisdiction was established by Plaintiff.

**B. Rule 4(K)(2).**

Under Fed. R. Civ. P. 4(k)(2), which is often called the "federal long-arm statute," it allows a federal court to exercise personal jurisdiction over a defendant in claims arising under federal law (e.g., copyright infringement) when:

1. The defendant is not subject to jurisdiction in any state's courts (i.e., no single state can exercise general or specific jurisdiction).

2. The defendant has sufficient minimum contacts with the United States as a whole.

3. Exercising jurisdiction is consistent with due process under the Fifth Amendment.

In *Synthes (USA) v. GM Dos Reis Jr. Ind.*, 563 F. 3d 1285, 1295 (Fed. Cir. 2009), the Federal Circuit explained:

> The Fifth, Ninth, and D.C. Circuits have adopted a variation of the First Circuit's approach, which was first articulated by the Seventh Circuit:
>
> > A defendant who wants to preclude the use of Rule 4(k)(2) has only to name some other state in which the suit could proceed. Naming a more appropriate state would amount to a consent to personal jurisdiction there.... If, however, the defendant contends that he cannot be sued in the forum state and refuses to identify any other state where suit is possible, then the federal court is entitled to use Rule 4(k)(2). This procedure makes it unnecessary to traipse through the 50 states, asking whether each could entertain the suit.
>
> *ISI Int'l, Inc. v. Borden Ladner Gervais LLP,* 256 F.3d 548, 552 (7th Cir.2001) (citations omitted); *see also Holland Am. Line,* 485 F.3d at 461; *Mwani v. bin Laden,* 417 F.3d 1, 11 (D.C.Cir.2005); *Adams v. Unione Mediterranea Di Sicurta,* 364 F.3d 646, 651 (5th Cir.2004). Under this approach, the court is entitled to use Rule 4(k)(2) unless the defendant names a state where suit could proceed.

*Synthes (USA) v. GM Dos Reis Jr. Ind.*, 563 F. 3d 1285, 1295 (Fed. Cir. 2009). Here, Plaintiff mentioned that Defendant made sales to the United States residents, not only to the those in the Commonwealth of Pennsylvania, but also to other states in the U.S. (ECF No. 1, Compl., ¶ 6), thus, Rule 4(k)(2) failed since Defendant, according to the Complaint

Plaintiff's attempt to hale Defendant into this Court under Rule 4(k)(2) must fail.

Page 3 of 4

WHEREFORE, Defendant, qetrabone, by and through its undersigned counsel, hereby requests that this Court dismiss the case for lack of personal jurisdiction.

Respectfully submitted on Mar. 19, 2026.

/s/ Jianyin Liu

FBN: 1007675
Jianyin Liu, Esq.
The Law Offices of James Liu, LLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Ph: (305) 209 6188
Email: jamesliulaw@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was sent via CM/ECF on Mar. 19, 2026.

/s/ Jianyin Liu